**JS 44 (Rev. 12/07) (cand rev 1-16-08)**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Steven Mayers

## DEFENDANTS

Loree Diane Taylor, et al. (see attachment)

**(b)** County of Residence of First Listed Plaintiff    San Mateo
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Francisco
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Sid Wolinsky      (510)-665-8644 (Phone)
Disability Rights Advocates      (510)-665-8511 (Fax)
2001 Center Street, Forth Floor      (510)-665-8716 (TTY)
Berkeley, CA 94704

Attorneys (If Known)

# E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☒ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §§ 12181-12189

Brief description of cause:
Discrimination based on disability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ Injunction, et al.    CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE 2/23/09      SIGNATURE OF ATTORNEY OF RECORD

STEVEN MAYERS,

     Plaintiff,

v.

LOREE DIANE TAYLOR; HIGHWAY BLUES INC., dba GREAT COMEDY
SCHOOL dba GREAT TRAFFIC SAFETY CLASSES; INTERACTIVE SAFETY
EDUCATION INC., dba PIZZA FOR YOU COMEDIANS 2; TRAFFIC SAFETY
CENTER INC., dba COMEDY FOR LESS TRAFFIC SCHOOL; SHEILA ANN IP, dba
SPEED TRAFFIC SCHOOL; ROSALINA L. AVENA, dba ROSY DRIVING AND
TRAFFIC SCHOOL; JAMES SUN HUNG CHAN, dba NU TECH DRIVING &
TRAFFIC SCHOOL; KEN R. HARRISON; JOSEPH RANDALL, dba FINALLY A
GAY TRAFFIC SCHOOL; GEORGE H. APKARIAN, dba FUN N CHEAP COMEDY
TRAFFIC SCHOOL; PANYA LEE; A SAFE WAY DRIVING SCHOOL INC., dba A
SAFE WAY DRIVING SCHOOL; STEVEN JAMES VERRET; IMPROV TVS INC.,
dba THE IMPROV TRAFFIC SCHOOL; ROCKY COLOGNE, dba ROCKY
COLOGNES COMEDY TRAFFIC SCHOOL; BRUCE L. ELKINS, dba CHEAP
SCHOOL; WILLIAM KRUP; PACIFIC SEMINAR TRAFFIC SAFETY, INC.;
TIMOTHY J. KARO, dba SF BAY TRAFFIC VIOLATOR SCHOOL,

     Defendants.



1  SID WOLINSKY (CA Bar No. 33716)
   RONALD ELSBERRY (CA Bar No. 130880)
2  BECCA VON BEHREN (CA Bar No. 262149)
   Disability Rights Advocates
3  2001 Center Street, Fourth Floor
   Berkeley, California 94704-1204
4  Telephone:  (510) 665-8644
   Facsimile:  (510) 665-8511
5  TTY:       (510) 665-8716
   Email:     general@dralegal.org

E-filing

6

7                    **UNITED STATES DISTRICT COURT**

8                 **NORTHERN DISTRICT OF CALIFORNIA**

   STEVEN MAYERS,
9                                        Case No.
       Plaintiff,                        CV 09        0790
10

11  v.                                   **COMPLAINT FOR DISCRIMINATION:**
                                         **AMERICANS WITH DISABILITIES ACT**
    LOREE DIANE TAYLOR; HIGHWAY          **(42 U.S.C. §§ 12181-12189); CAL. UNRUH**
12  BLUES INC., dba GREAT COMEDY         **ACT (CIV. CODE § 51), CAL. DISABLED**
    SCHOOL dba GREAT TRAFFIC SAFETY      **PERSONS ACT (CIV. CODE §§ 54-55)**
13  CLASSES; INTERACTIVE SAFETY
    EDUCATION INC., dba PIZZA FOR YOU
14  COMEDIANS 2; TRAFFIC SAFETY
    CENTER INC., dba COMEDY FOR LESS
15  TRAFFIC SCHOOL; SHEILA ANN IP, dba
    SPEED TRAFFIC SCHOOL; ROSALINA L.
16  AVENA, dba ROSY DRIVING AND
    TRAFFIC SCHOOL; JAMES SUN HUNG
17  CHAN, dba NU TECH DRIVING &
18  TRAFFIC SCHOOL; KEN R. HARRISON;
    JOSEPH RANDALL, dba FINALLY A GAY
19  TRAFFIC SCHOOL; GEORGE H.
    APKARIAN, dba FUN N CHEAP COMEDY
20  TRAFFIC SCHOOL; PANYA LEE; A SAFE
21  WAY DRIVING SCHOOL INC., dba A
    SAFE WAY DRIVING SCHOOL; STEVEN
22  JAMES VERRET; IMPROV TVS INC., dba
    THE IMPROV TRAFFIC SCHOOL; ROCKY
23  COLOGNE, dba ROCKY COLOGNES
    COMEDY TRAFFIC SCHOOL; BRUCE L.
24  ELKINS, dba CHEAP SCHOOL; WILLIAM
25  KRUP; PACIFIC SEMINAR TRAFFIC
    SAFETY, INC.; TIMOTHY J. KARO, dba SF
26  BAY TRAFFIC VIOLATOR SCHOOL,

27           Defendants.

28

1

**INTRODUCTION**

2    1.    This lawsuit challenges discrimination against a profoundly deaf person, Steven

3    Mayers. Mr. Mayers communicates by American Sign Language ("ASL"). After receiving a

4    traffic ticket, Mr. Mayers attempted to attend a traffic school within a reasonable distance of

5    his home. Every traffic school he contacted refused to provide an ASL interpreter so that he

6    could attend.

7    2.    Each named Defendant owns and/or operates one or more licensed traffic

8    violator schools in San Francisco or northern San Mateo County. Each Defendant denied and

9    continues to deny Mr. Mayers access to its school(s).

10    3.    Defendants know they have an obligation under the law to grant equal access to

11    their classes. Instead of doing so, they have chosen to violate this obligation, causing

12    irreparable injury to Mr. Mayers and entitling him to an award of statutory damages against

13    each Defendant for each violation.

14

**JURISDICTION**

15    4.    This is an action for declaratory and injunctive relief and damages brought

16    pursuant to the Americans with Disabilities Act ("ADA") Title III, 42 U.S.C. §§ 12181-

17    12189, as well as California law, Civil Code § 51, and §§ 54-55.

18    5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

19    §§ 1331, 1342, and 1343 for claims arising under the ADA.

20    6.    This Court has jurisdiction to issue injunctive relief and a declaratory judgment

21    pursuant to 28 U.S.C. §§ 2201 and 2202.

22    7.    Under the doctrine of pendent and supplemental jurisdiction, this Court has

23    jurisdiction over Plaintiff's claims arising under California state law.

24

**VENUE**

25    8.    Pursuant to 28 U.S.C. § 1391(b), venue is proper in the District in which this

26    Complaint is filed, because Defendants own and maintain non-compliant programs and

27    facilities within the Northern District of California, and because the acts and omissions giving

28    rise to this claim occurred in the Northern District of California.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**PARTIES**

9. Plaintiff Steven Mayers is a deaf individual and communicates using ASL. He resides in Daly City, California.

10. Plaintiff is substantially limited in the major life activities of hearing and speaking. Plaintiff thus is an individual with a disability within the meaning of applicable law.

11. Plaintiff holds a noncommercial class C driver's license issued by the State of California.

12. Plaintiff, either personally or through an authorized representative, attempted to enroll in each named Defendant's traffic school, but he could not do so because each Defendant refused to provide Plaintiff an ASL interpreter.

13. Plaintiff has been and is being discriminated against by Defendants' operation of traffic schools in a manner that denies him access to and alternative means of communications in their instructional services and classrooms.

14. Each named Defendant owns and/or operates a traffic violator school licensed by the State of California pursuant to Chapter 1.5 (commencing with Section 11200) of Division 5 of the California Vehicle Code.

15. Defendant Highway Blues, Inc., dba Great Comedy School dba Great Traffic Safety Classes, owns a traffic violator school, operated by Defendant Loree Diane Taylor, located at 50 8th Street, in San Francisco, California.

16. Defendant Interactive Safety Education, Inc., dba Pizza For You Comedians 2, owns a traffic violator school, operated by Defendant Loree Diane Taylor, located at 50 8th Street, in San Francisco, California.

17. Defendant Traffic Safety Center, Inc., dba Comedy for Less Traffic School, owns a traffic violator school, operated by Defendant Loree Diane Taylor, located at 50 8th Street, in San Francisco, California.

18. Defendant Sheila Ann Ip, dba Speed Traffic School, owns and operates a traffic violator school located at 4224 Mission Street, in San Francisco, California.

*Mayers v. Taylor et al.*
Complaint for Discrimination: Americans with Disabilities Act, Cal. Unruh Civil Rights Act, Disabled Persons Act

3

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA, 94704-1204
(510) 665-8644

19. Defendant Rosalina L. Avena, dba Rosy Driving and Traffic School, owns and operates a traffic violator school located at 5524-B Mission Street, in San Francisco, California.

20. Defendant James Sun Hung Chan, dba Nu Tech Driving & Traffic School, owns and operates a traffic violator school located at 4735 Mission Street, Suite D, in San Francisco, California.

21. Defendant Joseph Randall, dba Finally A Gay Traffic School, owns a traffic violator school, operated by Defendant Ken R. Harrison, located at 900 Franklin Street, in San Francisco, California.

22. Defendant George H. Apkarian, dba Fun N Cheap Comedy Traffic School, owns a traffic violator school, operated by Defendant Ken R. Harrison, located at 900 Franklin Street, in San Francisco, California.

23. Defendant A Safe Way Driving School, Inc., dba A Safe Way Driving School, owns a traffic violator school, operated by Defendant Panya Lee, located at 900 Franklin Street, in San Francisco, California.

24. Defendant Improv TVS Inc., dba The Improv Traffic School, owns a traffic violator school, operated by Defendant Steven James Verret, located at Fort Mason Center in San Francisco, California.

25. Defendant Rocky Cologne, dba Rocky Colognes Comedy Traffic School, owns and operates a traffic violator school, located at 323 South Airport Boulevard, in South San Francisco, California.

26. Defendant Bruce L. Elkins, dba Cheap School, owns and operates a traffic violator school located at 3401 Cesar Chavez, Suite A, in San Francisco, California.

27. Defendant Pacific Seminar Traffic Safety, Inc., owns a traffic violator school, operated by Defendant William Krup, located at 2130 Fulton Street, in San Francisco, California.

28. Defendant Timothy J. Karo, dba SF Bay Traffic Violator School, owns and operates a traffic violator school, located at 1700 Irving Street, in San Francisco, California.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1      29.    Defendants, and each of them, have denied Plaintiff's request for an ASL

2  interpreter so that he can attend their traffic schools, thereby unlawfully discriminating against

3  Plaintiff.

4      30.    As licensed traffic violator schools, Defendants are expressly precluded by law

5  from discriminating against people with disabilities and may be deprived of their licenses

6  because of such discrimination. Cal. Vehicle Code § 11216.2.

7      31.    All Defendants are properly joined in this action because the claims alleged

8  herein all arose from identical facts and occurrences, and/or an identical series of facts and

9  occurrences, and involve common questions of law and fact within the meaning of Federal

10  Rule of Civil Procedure 20(a).

11                 **FACTUAL ALLEGATIONS**

12      32.    Pursuant to California Vehicle Code § 42005(b), in lieu of adjudicating a traffic

13  offense committed by a person who holds a noncommercial class C driver's license, and with

14  the consent of the defendant, the court may order the person to attend a licensed traffic

15  violator school.

16      33.    As permitted by California Vehicle Code § 41501, the court may continue the

17  matter and dismiss the complaint upon proof of such attendance.

18      34.    Upon receipt of the bail amount indicated by the court and a court processing

19  fee, the court mails eligible violators a traffic school referral with the completion due date, and

20  a list of traffic school providers.

21      35.    After attending a class at a traffic school, the driver must file with the court the

22  original certificate of completion by the due date designated by the court.

23      36.    Upon filing the certificate of completion, the record of the violation and traffic

24  violator school attendance is held confidential pursuant to California Vehicle Code § 1808.7

25  and may not be disclosed to any person.

26      37.    By attending traffic violator school as ordered by the court, a licensed driver

27  thus may avoid a public record of the traffic violation.

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Mayers v. Taylor et al.*
Complaint for Discrimination: Americans with Disabilities Act, Cal. Unruh Civil Rights Act, Disabled Persons Act

5

1    38.    Attendance at a licensed traffic violator school constitutes an important public

2    service, is sanctioned by California state courts, and confers a substantial benefit upon

3    licensed drivers cited for traffic violations.

4    39.    The inability to attend traffic school results in a permanent public record of the

5    traffic offense.

6    40.    This public record of the offense causes potential adverse consequences to the

7    driver, such as increased automobile insurance premiums or ineligibility for such insurance.

8    41.    On November 6, 2008, Plaintiff received a traffic citation in Monterey County

9    for exceeding the speed limit.

10   42.    The law enforcement officer who issued the ticket to Plaintiff informed him

11   that he would have the option to attend traffic violator school.

12   43.    On or about November 21, 2008, the Monterey County Superior Court mailed

13   Plaintiff a notice containing information about his November 6, 2008 traffic violation.

14   44.    The court notice specified the amount of bail Plaintiff was required to pay and

15   also informed him that he was eligible to avoid a public record of the traffic violation by

16   choosing to attend traffic school.

17   45.    Plaintiff indicated on the form provided by the court that he wished to attend

18   traffic school and timely returned it with the sum specified as bail plus a processing fee.

19   46.    The information provided by the court stated that Plaintiff must provide it with

20   a certificate of completion of traffic violator school by March 12, 2009.

21   47.    Plaintiff requested and received a list of licensed traffic schools near his

22   residence in Daly City.

23   48.    Plaintiff telephoned numerous schools on the list, including several owned

24   and/or operated by Defendants. Some refused to accept his call because he uses a telephone

25   relay service for deaf individuals.

26   49.    The traffic schools that spoke with Plaintiff stated that they would not provide

27   him with an ASL interpreter during the classes they offered.

28

*Mayers v. Taylor et al.*
Complaint for Discrimination: Americans with Disabilities Act, Cal. Unruh Civil Rights Act, Disabled Persons Act

6

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

50. Plaintiff contacted the San Francisco Human Rights Commission ("HRC") for assistance in locating a traffic violator school.

51. HRC contacted several traffic schools on Plaintiff's behalf, including several owned and/or operated by Defendants, but, like Plaintiff, was unsuccessful in locating any traffic school that would provide an ASL interpreter for Plaintiff.

52. On or around January 26 through January 30, 2009, again on Plaintiff's behalf, HRC contacted all traffic schools offering classes in San Francisco and northern San Mateo Counties included on a list of approved schools provided by the California Department of Motor Vehicles, except for those that provide instruction solely in languages other than English.

53. When HRC telephoned the traffic schools owned and/or operated by each Defendant named herein, Defendants' agents who answered the phone would not agree to provide an ASL interpreter for Plaintiff so that he could attend.

54. As a result of each Defendant's refusal to provide an ASL interpreter, Plaintiff was unable to attend its traffic school(s).

55. Plaintiff's inability to attend each Defendant's traffic school(s) violated his right of access to these businesses and constituted unlawful discrimination on the basis of his disability, causing him irreparable injury.

56. In light of each Defendant's refusal to provide him an ASL interpreter, Plaintiff believes and alleges that each Defendant has a policy and practice of discriminating against individuals with disabilities, such as individuals with hearing disabilities, by denying them auxiliary aids and services necessary to access traffic school programs.

## FIRST CAUSE OF ACTION

## TITLE III OF THE AMERICANS WITH DISABILITIES ACT

57. Plaintiff realleges and incorporates herein all previously alleged paragraphs of the complaint.

58. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

*Mayers v. Taylor et al.*
Complaint for Discrimination: Americans with Disabilities Act, Cal. Unruh Civil Rights Act, Disabled Persons Act

7

59.     Plaintiff was and remains able to satisfy the requirements of the instruction, classes, and certification of completion offered by Defendant traffic schools.

60.     Each traffic violator school owned and/or operated by Defendants is a public accommodation within the meaning of the ADA.

61.     By refusing and failing to provide modifications and/or auxiliary aids and services, including ASL interpreters, necessary to provide Plaintiff access to their traffic violator schools, Defendants have discriminated and continue to discriminate against Plaintiff because of his disability.

62.     By adopting policies and practices that screen out, or tend to screen out, individuals with disabilities from attendance at their traffic schools, Defendants have discriminated and continue to discriminate against Plaintiff.

63.     The violations of Defendants are ongoing, and Plaintiff is entitled to injunctive relief remedying the discrimination.

WHEREFORE, Plaintiff requests relief as set forth below.

## SECOND CAUSE OF ACTION

## CALIFORNIA UNRUH CIVIL RIGHTS ACT (CIVIL CODE § 51)

64.     Plaintiff realleges and incorporates all previously alleged paragraphs of the complaint.

65.     California's Unruh Civil Rights Act, Civil Code § 51, guarantees all disabled persons full and equal accommodations, advantages, privileges, and services in all business establishments of any kind whatsoever.

66.     Each traffic school owned and/or operated by Defendants is a business establishment within the meaning of the Unruh Civil Rights Act.

67.     Plaintiff is a disabled person within the meaning of the Unruh Civil Rights Act.

68.     Plaintiff has been denied and continues to be denied full and equal access to each traffic school owned and/or operated by each Defendant.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Mayers v. Taylor et al.*
Complaint for Discrimination: Americans with Disabilities Act, Cal. Unruh Civil Rights Act, Disabled Persons Act

8

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    69.    Defendants have not provided Plaintiff services and facilities that are provided

2    to other customers who are not disabled, and/or have provided him services and facilities that

3    are unequal and inferior to the services provided to non-disabled customers.

4    70.    The actions of each Defendant violated the Unruh Civil Rights Act, and these

5    violations are ongoing. Therefore Plaintiff is entitled to injunctive relief remedying the

6    discrimination.

7    71.    Plaintiff is also entitled to statutory damages from each Defendant, and for each

8    and every offense, pursuant to California Civil Code § 52.

9    72.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

10    WHEREFORE, Plaintiff requests relief as set forth below.

## THIRD CAUSE OF ACTION

## CALIFORNIA DISABLED PERSONS ACT (CIVIL CODE §§ 54-55)

13    73.    Plaintiff realleges and incorporates all previously alleged paragraphs of the

14    complaint.

15    74.    California's Disabled Persons Act, Civil Code §§ 54-55, guarantees to disabled

16    persons full and equal access, as other members of the general public, to accommodations,

17    advantages, and facilities, including places of public accommodation and other places to

18    which the general public is invited.

19    75.    Each traffic school owned and/or operated by Defendants is a "place of public

20    accommodation or other place to which the general public is invited" within the meaning of

21    the Disabled Persons Act.

22    76.    Plaintiff is an individual with a disability entitled to the protections of the

23    Disabled Persons Act.

24    77.    Plaintiff has been denied and continues to be denied full and equal access to

25    each traffic school owned and/or operated by each Defendant.

26    78.    The actions of each Defendant violated the Disabled Persons Act, and these

27    violations are ongoing. Therefore Plaintiff is entitled to injunctive relief remedying the

28    discrimination pursuant to California Civil Code § 55.

1    79.    Plaintiff is also entitled to statutory damages from each Defendant, and for each

2    and every offense, pursuant to California Civil Code § 54.3.

3    80.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

4    WHEREFORE, Plaintiff requests relief as set forth below.

5    ## FIFTH CAUSE OF ACTION

6    ## DECLARATORY RELIEF

7    81.    Plaintiff realleges and incorporates herein all previously alleged paragraphs of

8    the complaint.

9    82.    Plaintiff contends that Defendants have failed and are failing to comply with

10   applicable laws prohibiting discrimination against disabled persons, including, but not limited

11   to, the ADA, the California Unruh Civil Rights Act, and the California Disabled Persons Act.

12   83.    A judicial declaration is necessary and appropriate at this time in order that

13   each of the parties may know their respective rights and duties and act accordingly.

14   WHEREFORE, Plaintiff requests relief as set forth below.

15   ## RELIEF REQUESTED

16   Plaintiff prays for judgment as follows:

17   1.    An order enjoining each Defendant from violating the ADA, the California Unruh

18   Civil Rights Act, and the California Disabled Persons Act;

19   2.    A declaration that each Defendant is operating its traffic school(s) in a manner

20   that discriminates against persons with disabilities and that fails to provide access for persons

21   with disabilities as required by law;

22   3.    Damages in an amount to be determined by proof, including statutory, actual,

23   and/or treble damages from each Defendant for each and every violation of the California

24   Unruh Civil Rights Act and of the California Disabled Persons Act;

25   //

26   //

27   //

28   //

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    4.    An award of Plaintiff's reasonable attorneys' fees and costs; and

2    5.    Such other and further relief as the Court deems just and proper.

3

4
     DATED:    February 23, 2009
5

6

7
                                              By:
8                                             Sid Wolinsky
                                              Ronald Elsberry
9                                             Becca Von Behren
                                              DISABILITY RIGHTS ADVOCATES
10
                                              Attorneys for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28