| | |
|---|---|
| STEVEN MAYERS, | No. C-09-00790 EDL |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| LOREE DIANE TAYLOR, et al., | |
| Defendants. | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Plaintiff Steven Mayer filed an amended complaint ("FAC") on April 20, 2009 for discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., ("ADA") and California Unruh Act, California Civil Code § 51 et seq ("Unruh Act"). Plaintiff is deaf and communications by American Sign Language ("ASL"). He alleges that he received a traffic ticket, attempted to attend traffic school near his home, and that each school he contacted refused to proved an ASL interpreter. He subsequently filed this ADA suit.

Pacific Seminar Traffic Safety, Inc. ("Pacific") is one traffic school named in the lawsuit. William Krupp owns that corporation. Mr. Krupp now files a motion to dismiss, on the basis that the FAC's allegations cannot support disregard of the corporate entity for liability to be imposed against him. He notes that the sole allegation in the FAC concerning his relationship with Pacific states: "Defendant Pacific Seminar Traffic Safety, Inc. owns a traffic violator school, operated by Defendant William Krup (sic), located at 2130 Fulton Street in San Francisco, California." FAC ¶ 27. Similarly, Mr. Steven Verret files a nearly identical motion for judgment on the pleadings. He argues that Plaintiff's allegation that "Defendant Improv TVS Inc., dba The Improv Traffic School, operated by Defendant Steven James Verret, located at Fort Mason Center in San Francisco, California" is insufficient to impose personal liability on him. FAC ¶ 24.

The Court finds that these motions are suitable for decision on the papers, vacates the August 11, 2009 hearing, and denies Defendant Krupp's motion to dismiss and Defendant Verret's motion for judgment on the pleadings.

**LEGAL STANDARD**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." Id. Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949 (internal quotation marks omitted) & 1950. That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

**DISCUSSION**

Mr. Krupp argues that the complaint does not allege fraud, bad faith, or abuse of the corporate privilege by him, or allege that Defendant sought an inequitable advantage based on the fiction of a separate existence between him and his company. He also notes that Plaintiff does not allege a unity of interest and ownership so that the separateness of the person and corporation has ceased. Defendant also argues that the question here is "when is a shareholder personally liable for the acts (liability) of the corporation."

While Defendant relies on numerous cases involving the general law regarding piercing the corporate veil, Plaintiffs are not attempting to pierce the corporate veil or impose liability on a mere shareholder. Rather, they seek to hold Defendant liable as an operator of the traffic school. In Lentini v. California Center for the Arts, 370 F.3d 837 (2004), the Ninth Circuit pointed out that the ADA prohibits discrimination by any person who "owns, leases (or leases to), or operates a place of public accommodation." Id. at 849 (citing 42 U.S.C. § 12182(a)) (emphasis omitted). The Court stated that individuals could be held liable under the ADA as operators if they "put or keep in operation," "control or direct the functioning of," or "conduct the affairs of; manage" the place of public accommodation. Id. (citations omitted). Accordingly, the Ninth Circuit upheld the District Court's imposition of individual liability under the ADA and Unruh Act against an individual Defendant who was the Director of Center Sales and Event Services, was in a position of authority to dictate who could or could not be admitted to the theater in question, and who actively participated in the discriminatory acts by directing the disabled individual to leave the theater with her service dog. Id.

Defendant argues that intentional discrimination is required to prevail in a private action for damages under the Unruh Act pursuant to Gunther v. Lin, 144 Cal. App. 4th 223 (2006). However, in Munson v. Del Taco, 46 Cal. 4th 661 (2009), the California Supreme Court held that Gunther was wrongly decided, that Lentini was correct, and that a "plaintiff who establishes a violation of the ADA, therefore, need not prove intentional discrimination in order to obtain damages under section 52 [of the Unruh Act]." Id. at 665.

The other cases relied upon by Defendant are inapposite, as none are ADA cases. In addition, while Defendant attempts to refute Plaintiffs' allegations (noting, for example, that Plaintiff was offered various alternatives including bringing an interpreter to the class), such arguments are irrelevant on a motion to dismiss. Accordingly, because the complaint alleges that Mr. Krupp is an operator of the traffic school, he can be held liable under the ADA. Mr. Verret's motion is substantively the same as Mr. Krupp's motion and fails for the same reasons.

///

///

**CONCLUSION**

In light of the foregoing, the Court denies Defendant Krupp's motion to dismiss and denies Defendant Verret's motion for judgment on the pleadings.

**IT IS SO ORDERED.**

Dated: August 5, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge